IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JASON DARR,

      Plaintiff,

CASE NO.:

v.

JEA,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Jason Darr, by and through the undersigned attorneys of record, and files this Complaint and Demand for Jury Trial against Defendant, JEA. In support thereof, Plaintiff states the following:

### NATURE OF THE ACTION

1. This is an action to remedy Defendant's violations of the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e, et seq. ("Title VII").

2. This is an action to remedy Defendant's violation of the anti-retaliation provisions of the Americans with Disabilities Act, as amended by the Americans with Disability Act Amendments Act, 42 U.S.C. § 12111, et seq. ("ADA").

3. This is an action to remedy Defendant's violations of the anti-retaliation provisions of the Florida Civil Rights Act of 1992, Florida Statutes section 760.01, et seq. ("FCRA").

### JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C §§ 1331 and 1343(a).

5. This Court has supplemental jurisdiction over Plaintiff's state law claims under the FCRA pursuant to 28 U.S.C § 1367.

6. Venue is proper in the Middle District of Florida, Jacksonville Division, under 28 U.S.C. § 1391(b), as all events pertinent hereto occurred in Duval County, Florida.

## THE PARTIES

7. Plaintiff is a natural person who at all times relevant to this action was an employee of Defendant.

8. Plaintiff is a resident of Duval County, Florida.

9. Plaintiff is a "person" as the term is defined by 42 U.S.C. § 2000e.

10. Plaintiff is a "person" as the term is defined by section 760.02, Florida Statutes.

11. Defendant is a body politic and municipal entity authorized to conduct business and conducting business in Duval County, Florida.

12. Defendant is an "employer" as the term is defined by 42 U.S.C § 2000e.

13. Defendant is an "person" as the term is defined by 42 U.S. Code § 12111.

14. Defendant is an "employer" as the term is defined by section 760.02, Florida Statutes.

# FACTUAL ALLEGATIONS

15. In 2019, Plaintiff made two internal complaints of discrimination to Defendant, asserting that he was being discriminated against because of his religious beliefs and his disability.

16. After making his internal complaints of discrimination, Defendant denied Plaintiff the following promotional and training opportunities:

   a. On May 20, 2019, Plaintiff applied for an Organizational Development Specialist position, but was not selected.

   b. On February 24, 2020, Plaintiff applied for the role of Black Belt Candidate, but was not selected for an interview.

   c. On July 10, 2020, Plaintiff applied for Enterprise Risk Management Senior, but was not selected for an interview.

   d. On December 4, 2020, Plaintiff applied for Manager Utility Analytics and was not selected for an interview.

17. On February 24, 2020, Plaintiff applied for a senior financial analyst position.

18. In October 2020, Defendant informed Plaintiff that he would not receive a pay increase if he accepted the role.

19. Defendant had a practice of increasing the pay rate of employees who transfer to new roles.

20. Plaintiff declined the offered position because of Defendant's position that it would not offer him additional compensation.

21. On February 3, 2021, Plaintiff learned that two new employees took senior financial analyst positions with Defendant.

22. Plaintiff also learned that the two employees were being paid at a higher hourly rate higher than Plaintiff.

23. Plaintiff filed an internal complaint of retaliation with Defendant on September 15, 2021.

24. In that complaint, Plaintiff asserted that he was being retaliated against by Defendant because of his previous internal discrimination complaints.

25. On October 20, 2021, Defendant met with Plaintiff to allegedly investigate his complaint of retaliation.

26. During that meeting, Plaintiff was placed on administrative leave.

27. The following day, on October 21, 2021, Plaintiff was terminated.

28. Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on November 2, 2021.

29. Plaintiff's charge was dual filed with the Florida Commission on Human Relations ("FCHR") per the worksharing agreement between the two entities.

30. Plaintiff received Determination and Notice of Rights from the EEOC on August 10, 2023, giving Plaintiff ninety (90) days to file the instant action.

31. Plaintiff timely filed the instant action.

32. Plaintiff exhausted all procedural prerequisites before filing the instant action.

33. Plaintiff exhausted all pre-suit administrative procedures before initiating the instant action.

**COUNT I: RETALIATION IN VIOLATION OF TITLE VII**

34. Plaintiff incorporates the allegations made in paragraphs 1, 4-9, 11-12, 15-33 as if fully restated herein.

35. Plaintiff opposed Defendant's violations of Title VII when he filed an internal complaint asserting retaliation on September 15, 2021.

36. Defendant had an ongoing legal obligation to maintain a workplace free of unlawful retaliation.

37. Defendant retaliated against Plaintiff by terminating his employment on October 21, 2021.

38. The retaliatory actions were such that they would dissuade a reasonable employee from opposing violations of Title VII.

39. Plaintiff was deprived of his rights guaranteed by law.

40. Said acts of retaliation by Defendant, as set forth above, have caused and continue to cause Plaintiff past and ongoing damages, including, but not limited to, actual damages, loss of past and future earnings, employment benefits and job opportunities, pain and suffering and emotional distress.

WHEREFORE, Plaintiff seeks an order prohibiting the retaliatory practices set forth above, an order awarding back pay, compensatory damages, punitive damages, pre and post judgment interest, damages for emotional distress,

attorneys' fees and costs and any other relief that this Court deems is just and proper.

### COUNT II: RETALIATION IN VIOLATION OF THE ADA

41. Plaintiff incorporates the allegations made in paragraphs 2, 4-8, 10-11, 13-33 as if fully restated herein.

42. Plaintiff opposed Defendant's violations of the ADA when he filed an internal complaint asserting retaliation on September 15, 2021.

43. Defendant had an ongoing legal obligation to maintain a workplace free of unlawful retaliation.

44. Defendant retaliated against Plaintiff by terminating his employment on October 21, 2021.

45. The retaliatory actions were such that they would dissuade a reasonable employee from opposing violations of the ADA.

46. Plaintiff was deprived of his rights guaranteed by law.

47. Said acts of retaliation by Defendant, as set forth above, have caused and continue to cause Plaintiff past and ongoing damages, including, but not limited to, actual damages, loss of past and future earnings, employment benefits and job opportunities, pain and suffering and emotional distress.

WHEREFORE, Plaintiff seeks an order prohibiting the retaliatory practices set forth above, an order awarding back pay, compensatory damages, punitive damages, pre and post judgment interest, damages for emotional distress,

attorneys' fees and costs and any other relief that this Court deems is just and proper.

## COUNT III: RETALIATION IN VIOLATION OF THE FCRA

48. Plaintiff incorporates the allegations made in paragraphs 3-8, 11, 13, 15-33 as if fully restated herein.

49. Plaintiff opposed Defendant's violations of the FCRA when he filed an internal complaint asserting retaliation on September 15, 2021.

50. Defendant had an ongoing legal obligation to maintain a workplace free of unlawful retaliation.

51. Defendant retaliated against Plaintiff by terminating his employment on October 21, 2021.

52. The retaliatory actions were such that they would dissuade a reasonable employee from opposing violations of the FCRA.

53. Plaintiff was deprived of his rights guaranteed by law.

54. Said acts of retaliation by Defendant, as set forth above, have caused and continue to cause Plaintiff past and ongoing damages, including, but not limited to, actual damages, loss of past and future earnings, employment benefits and job opportunities, pain and suffering and emotional distress.

WHEREFORE, Plaintiff seeks an order prohibiting the retaliatory practices set forth above, an order awarding back pay, compensatory damages, punitive damages, pre and post judgment interest, damages for emotional distress,

attorneys' fees and costs and any other relief that this Court deems is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 6th day of November 2023.

**DELEGAL AND POINDEXTER, P.A.**

*/s/ James C. Poindexter*
JAMES C. POINDEXTER
Florida Bar No.: 116039
T.A. ("TAD") DELEGAL, III, B.C.S
Florida Bar No.: 0892701
ALEXANDRA E. UNDERKOFLER
Florida Bar No.: 1018209
424 East Monroe Street
Jacksonville, Florida 32202
Telephone No.: (904)633-5000
Facsimile No.: (904) 358-2850
Email: tad@delegal.net
Email: james@delegal.net
Email: alex@delegal.net
Secondary email: office@delegal.net
*Counsel for Plaintiff*